IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:98-cr-00516-AB-1 |
| | OPINION AND ORDER |
| v. | |
| JANET CASANOVA RODRIGUEZ, | |
| Defendant. | |

**BAGGIO, District Judge:**

Defendant Janet Casanova Rodriguez pleaded guilty to a felony in August 1999: one count of Bank Larceny violating 18 U.S.C § 2113(b). *See* Aug. 9, 1999, Minutes of Proceedings (ECF 21); Judgment and Commitment (ECF 25). Now pending before the Court is Defendant's April 21, 2025, pro se Motion to Reduce Felony to Misdemeanor ("Mot.", ECF 44).

### DISCUSSION

In support of her motion to reduce her felony conviction, Defendant points to her "clean record" since her conviction and her efforts to "improve [her] choices." Mot., 3–4. Defendant attaches letters of support from her family and friends along with documents from the Multnomah and Clackamas County Circuit Courts showing that her requests to "set aside a record" in Oregon state court have been granted. *Id.* at 6–22. Defendant further states that her felony conviction has limited her career options, which has impacted her ability to financially support her three grown

1 – OPINION AND ORDER

children, one of whom is autistic, and that her felony conviction has also restricted her housing options and her ability to travel internationally. *Id.* at 3. Defendant does not, however, cite any legal authority allowing this Court to reduce her felony conviction to a misdemeanor. *See generally*, *id.* The Government argues that this Court lacks the authority to consider Defendant's motion to amend her final conviction to expand her employment opportunities. Government's Response (ECF 52).

After careful consideration, the Court agrees with the Government. Defendant does not argue that her arrest or conviction was unlawful or that there was any clerical error. And she does not cite any statutory authority allowing this Court to reduce her felony to a misdemeanor. Instead, she seeks equitable relief—to reduce her valid felony conviction based on her difficulty finding employment and housing and traveling internationally. *See* Mot., 3. As the Government points out, however, the Ninth Circuit has held that district courts lack jurisdiction over such requests. *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) (holding that "a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief"). The Court is sympathetic to the difficulties that Defendant's felony conviction cause, but based on binding Ninth Circuit precedent, the Court finds that it lacks the authority to reduce Defendant's conviction as requested.[1] *See United States v. Souksavath, et al.*, No. 1:10-cr-00462-NONE-3, 2021 WL 4318419, * 2 (E.D. Cal. Sept. 23, 2021) (denying motion to expunge felony conviction based on the defendant's difficulty in finding employment).

///

---

[1] A procedure to reduce certain felony convictions exists under Oregon law, *see* ORS 137.225; ORS 161.705, but Congress has not created such a mechanism in federal law. *See Souksavath*, 2021 WL 4318419, *2.

2 – OPINION AND ORDER

## CONCLUSION

Defendant's Motion to Reduce Felony to Misdemeanor (ECF 44) is DENIED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 27th day of May 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER